1

2

3

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

4

5

6

7

8

9

10

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) | Case No.  14-cv-1075-APG-VCF |
| v. | ) ) | **PRELIMINARY INJUNCTION** |
| Peter B. Lazare, individually, and as Trustee of the Jon J. Edelman Trust; Ian Williams, as Trustee of The Aurora Borealis Trust; Premier Trust, Inc., as Trustee of the Aurora Borealis Trust, | ) ) ) ) ) | |
| Defendants. | ) ) | |

11    The United States filed ex parte motions for a temporary restraining order (Dkt. #4) and

12  for a preliminary injunction (Dkt. #5).  I entered the TRO (Dkt. #8) on July 2, 2014 and set a

13  hearing on the motion for preliminary injunction for July 10, 2014.  The United States has

14  satisfied the requirements for issuance of a preliminary injunction. *Arc of Cal. v. Douglas*, --

15  F.3d --, 2014 WL 2922662, at *6 (9th Cir. June 30, 2014). *See also*, Fed. R. Civ. P. 65; 26 U.S.C.

16  §§ 7402, 7408 (authorizing injunctive relief).  Thus, the motion is granted.

17    The United States has established a likelihood that it will succeed on the merits of its

18  claims.  It appears that some or all of the defendants have fraudulently transferred and/or hidden

19  assets to avoid the United States' ability to execute upon those assets when enforcing an order

20  and/or judgment that the United States has obtained in the United States District Court for the

21  District of New Mexico.  If this injunction is not issued, it is likely that the defendants will

22  further transfer and hide these assets, including possibly moving them out of the country.  Thus,

23  absent this injunction, the United States will suffer irreparable injury.  This potential harm

outweighs any damage that the defendants may suffer from this temporary injunction.  In

1   addition, the public interest is served by assisting the United States (albeit temporarily) in

2   collecting upon judgments it has obtained.

3         This order is issued without notice because of the fungible nature of money, and the ease

4   with which defendants could transfer these assets again if they had prior notice.

5         Based on the foregoing, I hereby GRANT the United States' motion for preliminary

6   injunction (Dkt. #5). It is therefore ORDERED as follows:

7         1. The defendants and all agents, representatives, attorneys, entities or persons acting on

8   their behalf or in concert with them, are hereby compelled to deposit the Aurora Borealis Trust's

9   income from the Estate of Mildred Ash into the registry of this Court pending a hearing on the

10   United States' motion for the preliminary injunction or further order from this Court.

11         2. The defendants and all agents, representatives, attorneys, entities or persons acting on

12   their behalf or in concert with them, are hereby enjoined from liquidating and distributing any

13   part of the income or principal of the Aurora Borealis Trust pending a hearing on the United

14   States' motion for the preliminary injunction or further order from this Court.

15         3. The United States is not required to give security or bond. Fed. R. Civ. P. 65(c).

16         4. This case shall proceed under the normal course. Any party wishing to dissolve or

17   modify the terms of this injunction may file an appropriate motion to do so.

18         5. The parties shall file a status report on or before August 21, 2014.

19         SIGNED this 11th day of July, 2014 at _11 :00_ a.m. *nunc pro tunc* to July 10, 2014.

20

21

22                            Andrew P. Gordon
                           UNITED STATES DISTRICT JUDGE

23