1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, ) | |
| ) | Case No. 2:14-cv-01075-APG-VCF |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Peter B. Lazare, Individually, and as Trustee of the ) | **PERMANENT INJUNCTION** |
| Jon J. Edelman Trust; Ian Williams, as Trustee of ) | |
| The Aurora Borealis Trust; Premier Trust, Inc., as ) | |
| Trustee of the Aurora Borealis Trust, ) | |
| ) | |
| Defendants. ) | |

On July 1, 2014, the United States filed a Verified Complaint under seal seeking judgment that Peter Lazare's transfer of the Edelman Trust's beneficial interest in the Estate of Mildred Ash (the income stream from the Estate's ownership of real property in Las Vegas, Nevada) to the Aurora Borealis Trust in late October 2013 was fraudulent and of no effect as to the claims of the United States, and should be set aside.  The United States also sought judgment that Peter Lazare is personally liable to the United States under 31 U.S.C. § 3713 and that Ian Williams and the Aurora Borealis Trust be enjoined from disbursing any property from the Trust other than to the United States to preserve the assets of the Aurora Borealis Trust pending the outcome of this litigation.

On July 1, 2014, the United States also filed a Motion for Temporary Restraining Order (Dkt.#4) and a Motion for Preliminary Injunction (Dkt.#5) and supporting briefs under seal seeking to temporarily compel the defendants, and all persons acting on their behalf or in concert with them, to deposit the Aurora Borealis Trust's income from the Estate of Mildred Ash (that was fraudulently transferred from the Jon J. Edelman Trust) into the registry of the Court, and to temporarily enjoin the defendants, and all persons acting on their behalf or in concert with them, from liquidating and distributing any part of the income and principal of the Aurora Borealis Trust without court approval, pending the outcome of this litigation or further order of this Court.

1

On July 1, 2014, the United States also requested an expedited hearing (Dkt.#6) to prevent any further harm to the United States during the pendency of this case, including, dissipating the income and assets of the Aurora Borealis Trust which properly belong to (and were fraudulently transferred from) the Jon J. Edelman Trust.  The fraudulent transfer by Peter Lazare was made to escape an impending injunction of a Federal District Court in New Mexico, and to avoid the Government's collection of Jon J. Edelman's federal tax liabilities.  A temporary restraining order and preliminary injunction were necessary in this case, because this asset was already fraudulently transferred once, as noted above, while a similar motion for preliminary injunction was pending in previous litigation in New Mexico.

On July 2, 2014, this Court granted the motion and entered a Temporary Restraining Order (Dkt.#8).  On July 10, the Court held a hearing on the motion for a preliminary injunction, which was attended by Lazare and Williams by telephone, and by counsel for the United States. On July 11, 2014, this Court granted the motion and entered a Preliminary Injunction (Dkt.#18), finding that the United States satisfied the requirements for the issuance of a preliminary injunction.  *Arc of Cal. v. Douglas*, 757 F3d 975, 983 (9th Cir. 2014). *See also* Fed. R. Civ. P. Rule 65; 26 U.S.C. §§ 7402, 7408 (authorizing injunctive relief).   This injunctive and immediate relief was necessary to protect the United States' interest in those properties during litigation, as the defendants to this lawsuit have already shown their propensity and willingness to engage in fraudulent transfers during litigation to thwart the United States' collection efforts – resulting in dissipation and preventing the United States from obtaining effective final relief.

On June 24, 2015, a Stipulation and Order (Dkt.#46) were filed that amended the paragraphs 1 and 2 of the Preliminary Injunction (Dkt.#18) to provide that the defendants were compelled to deposit, and enjoined from liquidating, any part of the income or prinicipal of the

Aurora Borealis Trust up to $1,601,000, less any amounts collected by the Plaintiff from any source pursuant to the constructive trust, a judgment or further order of this Court.  On July 23, 2015, Ian Williams, the Family Trustee and Independent Trustee of the Aurora Borealis Trust, deposited in the registry of this Court $1,572,718 ($1,601,100 minus $21,251 and $7,031) (Notice of Deposit of Funds (Dkt.#51) and the Certificate of Cash Deposit (Dkt.#52).

On March 4, 2016, the Court entered an Order (Dkt.#61) (1) Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, (2) Granting Lazare's Motion for Summary Judgment on Count II, (3) Granting in Part and Denying in Part Defendants' Countermotion for Summary Judgment, and (4) Denying Lazare's Motion for Leave to File.  In granting Count I of the United States' Motion for Summary Judgment, the Court found that the transfer by Peter B. Lazare, the Trustee of the Edelman Trust a/k/a the Jon. J. Edelman Trust, of the Edelman Trust's beneficial interest in the Estate of Mildred Ash (i.e., the income stream from the Estate's ownership of real property in Las Vegas, Nevada) to the Aurora Borealis Trust in late October 2013 was a fraudulent transfer under Nevada law.  The Court further found that the transfer was and is fraudulent and of no effect as to the claims of the United States and should be set aside.  Thus, the United States has (1) prevailed on the merits; (2) established it will suffer irreparable injury unless the injunction issues; (3) established that the threatened injury to it outweighs any damage to the other parties; and (4) established that the injunction will not be adverse to the public interest.  Based on the foregoing Orders, findings and conclusions, and for good cause, the Court issues this Permanent Injunction against the defendants.

IT IS THEREFORE ORDERED AND ADJUDGED:

1.      That defendants Peter B. Lazare, Trustee of the Edelman Trust a/k/a the Jon J. Edelman, Ian Williams, the Family Trustee and Independent Trustee of the Aurora Borealis

Trust, and Premier Trust, Inc., the Administrative Trustee of the Aurora Borealis Trust, and all agents, representatives, attorneys, entities or persons acting on their behalf or in concert with them, be and are hereby permanently enjoined from requesting, obtaining, or disbursing, the $1,572,718.00, or any part thereof, deposited by Ian Williams, the Family Trustee and Independent Trustee of the Aurora Borealis Trust, on July 23, 2015 (*see* Notice of Deposit of Funds (Dkt.#51) and the Certificate of Cash Deposit (Dkt.#52)), pursuant to the Court's Preliminary Injunction (Dkt.#18), as amended by Stipulation and Order (Dkt.# 46) compelling them to deposit with the Court Aurora Borealis Trust's income from the Estate of Mildred Ash, up to $1,601,000 constructive trust imposed by New Mexico federal district court, on February 6, 2014, less any amounts collected from any source pursuant to the constructive trust, pending further order of this Court.

2.      That this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Permanent Injunction.

3.      That the plaintiff United States is not required to give security or bond.  Fed. R. Civ. P. 65(c); and

4.      That Clerk of this Court shall provide notice of this Permanent Injunction to all parties and affected persons.

DATED this 4th day of _____April_____ 2016.

_____

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE